19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Scott CAMP, Defendant-Appellant.
 No. 93-30175.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Scott Camp appeals his conviction, which followed a conditional plea of guilty to one count of bank robbery in violation of 18 U.S.C. Sec. 2113(a). Camp argues that the district court erred by refusing to suppress incriminating statements elicited in violation of Miranda v. Arizona, 384 U.S. 436 (1966). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo whether the Fifth Amendment requires suppression of a custodial statement. United States v. Lucas, 963 F.2d 243, 245 (9th Cir.1992). We review for clear error the factual determination whether inquiries of a suspect in custody constitute interrogation. United States v. Gonzalez-Sandoval, 894 F.2d 1043, 1046 (9th Cir.1990).
 
 
 4
 The ruling in Miranda prevents authorities from interrogating a suspect in custody without an attorney after the suspect has requested counsel. Lucas, 963 F.2d at 245. The routine gathering of data concerning a suspect's identity, age and residence does not constitute "interrogation" for Miranda purposes where the information sought is not potentially incriminating. United States v. Gonzales-Mares, 752 F.2d 1485, 1489 (9th Cir.), cert. denied, 473 U.S. 913 (1985).
 
 
 5
 Detectives Strovink and Baumgarte, members of an F.B.I. task force, approached Camp in a tavern and told him they wanted to talk to him about an incident "that happened down the road." In fact, there was no incident, but the detectives suspected Camp of involvement in a recent bank robbery. Strovink and Baumgarte knew that Camp's first name was David and that his birthdate was 1977. When asked his name and age, however, Camp told the detectives that his name was Michael and that he was born in 1969.
 
 
 6
 When Strovink asked Camp whether he had been involved in a high speed car chase, Camp said he wanted to speak with an attorney. The detectives then arrested him for burglary pursuant to a valid state warrant.
 
 
 7
 Strovink and Baumgarte handcuffed Camp, read him his Miranda rights, and placed him in the front seat of an FBI car. Strovink rode behind Camp and asked him questions necessary to complete a custody report en route to the FBI booking facility. When Camp maintained that his name was Michael and his birthdate was 1969, Strovink said, "it's silly for you to lie. We are going to ... have you identified from your fingerprint cards." Strovink urged Camp to tell the truth. Camp admitted his true name, then told the detectives that he had some information and wondered what it might be worth. Strovink reminded Camp that he had asked for an attorney and Camp insisted that he wanted to talk. When the detective and Camp arrived at the booking facility, Camp was unhandcuffed and taken to an interview room. Camp then signed a card waiving his Miranda rights, and talked to the authorities about his drug problem and the bank robbery.
 
 
 8
 Camp argues that Strovink's cajoling was calculated to elicit an incriminating statement, and thus constituted an interrogation in violation of Miranda. We disagree. Once Camp requested counsel, Strovink refrained from asking him anything about his criminal activities. Although Strovink told Camp that it was pointless to lie, and urged him to tell the truth, the district court concluded that these statements were meant to elicit truthful biographical data, and that Camp's incriminating statements were voluntary. We discern no clear error in these findings. See Gonzalez-Sandoval, 894 F.2d at 1046. Accordingly, we hold that the district court properly denied Camp's motion to suppress the statements.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3